UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAROD GUILLORY**                                    **CASE NO. 2:19-CV-01679**

**VERSUS**                                                       **JUDGE JAMES D. CAIN, JR.**

**COMMONWEALTH INSURANCE CO. OF**    **MAGISTRATE JUDGE KAY**
**AMERICA ET AL.**

MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 28] filed under Federal Rule of Civil Procedure 12(b)(6) by defendant Nationwide Agribusiness Insurance NAIC, seeking dismissal of plaintiff's claims against it. Plaintiff opposes the motion. Doc. 31.

I.
BACKGROUND

This suit arises from a motor vehicle accident that occurred on or about February 24, 2019, in Sulphur, Louisiana. Doc. 1, att. 2. Plaintiff alleges that he was driving a vehicle owned by his employer, RelaDyne, Inc. ("RelaDyne"), and that he collided with a truck driven by defendant Lyle Begay when Begay failed to stop at a red light. *Id.* at ¶ 2. Plaintiff filed suit in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, against Begay, Begay's insurer, and Nationwide Agribusiness Insurance NAIC ("Nationwide") in its capacity as uninsured/underinsured motorist ("UM") carrier for RelaDyne. *Id.* at ¶ 1. Nationwide then removed the matter to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1.

Nationwide now moves to dismiss the claims against it. Under this motion it does not dispute that it was RelaDyne's insurer at the time of the accident or that it provided coverage for the vehicle plaintiff was driving. Doc. 28. Instead, it argues that RelaDyne had declined UM coverage. *Id.* Plaintiff opposes the motion on the grounds that the UM rejection form was missing information required under Louisiana law, meaning that there was no valid rejection or waiver of coverage. Doc. 31. Nationwide has not filed a reply in support of its motion and its time for doing so has passed.

## II.
## LAW & APPLICATION

### A. *Legal Standard*

#### 1. *Rule 12(b)(6)*

Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The court can also consider matters of which it may take judicial notice, including matters of public record. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (unpublished). Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood

of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

Pursuant to Federal Rule of Civil Procedure 12(d), a motion to dismiss filed under Rule 12(b)(6) may be converted into a motion for summary judgment under Rule 56 as long as the court gives the parties a "reasonable opportunity to present all the material that is pertinent to the motion." *Trinity Marine Prods., Inc. v. United States*, 812 F.3d 481, 487 (5th Cir. 2016) (quoting Fed. R. Civ. P. 12(d)). In this matter both parties have submitted evidence outside of the pleadings and otherwise outside of the scope of review under Rule 12(b)(6). Because Nationwide was the first to submit extra-pleading evidence and did not file any reply and because plaintiff likewise attached extra-pleading evidence to his opposition, the court assumes that both parties have had a reasonable opportunity to present all evidence pertinent to this motion. Accordingly, it will review the matter under Rule 56.

### 2. *Rule 56*

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### B. Application

Louisiana law lays out the requirements for an insured's valid waiver of UM coverage, providing:

> [A] rejection [of UM coverage], selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.

La. Rev. Stat. 22:1295(1)(a)(ii). In *Duncan v. USAA Insurance Co.*, 950 So.2d 544 (La. 2006), the Louisiana Supreme Court held that an insured must comply with several requirements in order to effect a valid waiver, including (1) initialing the selection or rejection of coverage chosen, (2) printing and signing his name, (3) filling in the policy number, and (4) filling in the date. *Id.* at 551. Following this ruling, however, the Louisiana insurance commissioner issued a bulletin and sample form making inclusion of the policy number optional but inclusion of the insurer's name mandatory. *See Dotson v. Price*, 399 F.Supp.3d 617, 622 (E.D. La. 2019) (citing LA. DEP'T OF INS., Bulletin No. 08-02 (Aug. 29, 2008)).[1] Otherwise, the requirements remain the same. *Id.*

The waiver form in this matter contains the name of the insured, his signature, his initials next to the rejection of coverage, and the date. Doc. 28, att. 3, p. 34. It does not, however, contain the insurer name – one of the tasks deemed necessary by the insurance commissioner. Instead, the box at the bottom right corner of the page designated to contain this information has been left blank. The waiver lacks information required under Louisiana law and is ineffective. *Dotson*, 399 F.Supp.3d at 623; *see also Barras v. Cardinal Svcs., LLC*, 297 So.3d 877, 888–89 (La. Ct. App. 3d Cir. 2020) (finding coverage was validly waived, despite other alterations in form, because form complied with the mandatory requirements described above). Accordingly, Nationwide cannot obtain summary judgment based on the alleged rejection of UM coverage.

---

[1] Under Federal Rule of Evidence 201(b)(2) the court takes judicial notice of this bulletin and its contents, available on the Department of Insurance's website at www.ldi.la.gov.

## III.
### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 28] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers, on this 15th day of January, 2021.

*[signature]*

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**