UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAROD GUILLORY**                    **CASE NO. 2:19-CV-01679**

**VERSUS**                                          **JUDGE JAMES D. CAIN, JR.**

**COMMONWEALTH INSURANCE CO OF AMERICA ET AL**            **MAGISTRATE JUDGE KAY**

### MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 89] filed by defendant Nationwide Agribusiness Insurance NAIC ("NAIC"), seeking a ruling that plaintiff has no claim for uninsured/underinsured motorist coverage. Plaintiff opposes the motion. Doc. 95.

### I.
### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 24, 2019, in Sulphur, Louisiana. At that time, according to the petition, plaintiff Sharod Guillory was driving a 2015 International Navistar Vehicle owned by his employer, Reladyne Transportation, when he was struck by a 2016 Dodge Ram driven by Lyle Begay after Begay failed to stop at a red light. Doc. 1, att. 2, ¶ 2. Guillory filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against Begay, his insurer, and NAIC, Reladyne's insurer, on the grounds that the latter provided UM coverage to Reladyne. *Id.* at ¶¶ 3–6.

The matter was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. NAIC then filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), asserting that Reladyne had waived UM coverage. Doc. 28. Guillory opposed the motion. The court converted it into one for summary judgment, reviewing the policy and waiver form, and denied the motion based on lack of strict compliance with all of the requirements set forth by Louisiana Revised Statute 22:1295(1)(a)(ii) and the Louisiana Insurance Commissioner. Doc. 35; *see Dotson v. Price*, 399 F.Supp.3d 617, 622 (E.D. La. 2019). Doc. 35. Specifically, the court observed that the waiver form did not contain the insurer's name. *Id.*

NAIC now brings another motion for summary judgment, again seeking a ruling that UM coverage was waived. Doc. 89. It submits depositions from Reladyne CFO Paul Helton, who executed the waiver, and insurance agent Patrice Pellechia, and shows that Helton also waived UM coverage for every state where a waiver was available. Accordingly, it asks that the court count the waiver as valid for Louisiana despite its lack of strict compliance. Doc. 89, att. 2. Guillory opposes the motion, maintaining that the waiver was invalid and that coverage must therefore be read into the policy under Louisiana law. Doc. 95.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying

portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck*

*& Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law lays out the requirements for an insured's valid waiver of UM coverage, providing:

> [A] rejection [of UM coverage], selection of lower limits, or selection of economic-only coverage shall be made only on a form prescribed by the commissioner of insurance. The prescribed form shall be provided by the insurer and signed by the named insured or his legal representative. The form signed by the named insured or his legal representative which initially rejects such coverage, selects lower limits, or selects economic-only coverage shall be conclusively presumed to become a part of the policy or contract when issued and delivered, irrespective of whether physically attached thereto. A properly completed and signed form creates a rebuttable presumption that the insured knowingly rejected coverage, selected a lower limit, or selected economic-only coverage.

La. Rev. Stat. 22:1295(1)(a)(ii). In *Duncan v. USAA Insurance Co.*, 950 So.2d 544 (La. 2006), the Louisiana Supreme Court held that an insured must comply with several requirements in order to effect a valid waiver, including (1) initialing the selection or rejection of coverage chosen, (2) printing and signing his name, (3) filling in the policy number, and (4) filling in the date. *Id.* at 551. Following this ruling, however, the Louisiana insurance commissioner issued a bulletin and sample form making inclusion of the policy number optional but inclusion of the insurer's name mandatory. *See Dotson v. Price*, 399 F.Supp.3d 617, 622 (E.D. La. 2019) (citing La. Dep't of Ins., Bulletin No. 08-02 (Aug. 29, 2008)).[1] Otherwise, the requirements remain the same and "the insurer cannot rely on the insured's intent to waive UM coverage to cure a defect in the form of the waiver." *Id.* at 622–23 (quoting *Duncan*, 950 So.2d at 553).

---

[1] Under Federal Rule of Evidence 201(b)(2) the court takes judicial notice of this bulletin and its contents, available on the Department of Insurance's website at www.ldi.la.gov.

NAIC admits, as the court found in its prior ruling, that the waiver form in this matter does not comply with all of the requirements above. Doc. 89, att. 2, p. 3; *see* doc. 89, att. 5. In spite of these admissions, however, NAIC attempts to introduce evidence of the insured's intent, including deposition testimony and the waivers executed for other states where NAIC operates, to overcome the form defects. As the Louisiana Supreme Court held in *Duncan*, this evidence is immaterial in light of the defect in form.

NAIC also points to another decision of this court. *See Nova Cas. Co. v. Guy's Towing Serv., Inc.*, 2015 WL 2157270 (W.D. La. May 29, 2015). There the court found all of the form requirements were provided within a five-page document containing the UM waiver section, the Commercial Auto Form, and held that this document constituted a valid waiver. *Id.* at *7–*8. NAIC argues that the same logic should be extended to the "packet of documents received, reviewed, and signed by Mr. Helton," namely a fifty-seven page packet of UM waivers that contains the insurer name and policy number on at least twenty of those pages. *See* doc. 89, att. 4. But unlike the document at issue in *Nova*, which was consecutively paginated and bore a single title, the packet of waivers NAIC seeks to have reviewed as a whole is a series of individually named and separately paginated documents relating to different states. *Cf.* doc. 89, att. 10 (form at issue in *Nova*). Although Helton reviewed and signed these together, the court finds no justification for searching through the whole packet to find the requirements set forth under Louisiana law and then imputing those to the document labeled "State of Louisiana." The fact remains that the waiver form provided for Louisiana did not contain the information required under Louisiana law, and

federal and state courts have been clear that this defect meant that the waiver was not valid.

Accordingly, there is no basis for granting NAIC's motion for summary judgment.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 89] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 18th day of April, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**