UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAROD GUILLORY**     **CASE NO. 2:19-CV-01679**

**VERSUS**     **JUDGE JAMES D. CAIN, JR.**

**COMMONWEALTH INSURANCE CO OF AMERICA ET AL**     **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Partial Summary Judgment [doc. 102] filed by defendant Nationwide Agribusiness Insurance Company NAIC ("Nationwide"), on the issue that it is entitled to a credit for medical and wage benefits paid to plaintiff by his employer's worker's compensation carrier. Plaintiff has not filed a response to the motion and his time for doing so has passed. Accordingly, the motion is regarded as unopposed.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 24, 2019, in Sulphur, Louisiana. At that time, according to the petition, plaintiff Sharod Guillory was driving a 2015 International Navistar Vehicle owned by his employer, Reladyne Transportation, when he was struck by a 2016 Dodge Ram driven by Lyle Begay after Begay failed to stop at a red light. Doc. 1, att. 2, ¶ 2. Guillory filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against Begay, his insurer, and NAIC,

Reladyne's insurer, on the grounds that the latter provided UM coverage to Reladyne. *Id.* at ¶¶ 3–6.

The matter was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. NAIC now moves for partial summary judgment on the issue that it is entitled to a credit for worker's compensation benefits that plaintiff has received for this accident. To this end, it points to plaintiff's testimony that he received such benefits [doc. 102, att. 3] as well as the petition in intervention of Reladyne's worker's compensation carrier, Federated Mutual Insurance Company ("Federated") [doc. 32], in which Federated alleges that it paid both medical and wage benefits as a result of the accident. Further, a Form 1002 filed by Federated showed that it paid plaintiff a wage compensation benefit of 2/3 of his wages for the coverage period. Doc. 102, att. 5. As noted above, plaintiff has filed no response and the motion is regarded as unopposed.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Under Louisiana law, a worker's compensation insurer and UM carrier are solidary obligors when it comes to damages arising from accidents for which both policies provide coverage. *Bellard v. Am. Cent. Ins. Co.*, 980 So.2d 654, 664–65 (La. 2008). Accordingly, NAIC's obligation for any wage or medical benefit under the UM policy is discharged to the extent it was covered by Federated's payments.

NAIC further argues that it is entitled to full credit on the wage obligation for all weeks covered by Federated, even though Federated only paid 2/3 wages under the terms of its policy. It notes that this position is supported by the policy concerns underlying the worker's compensation scheme, through which the plaintiff surrenders his right to a potentially larger recovery in tort in order to receive a guarantee on "a more modest claim for essentials, payable regardless of fault and with a minimum of delay." *Allen v. State*, 842 So.3d 373, 377 (La. 2003). Because the UM carrier's obligations are co-extensive under the law of solidary obligors, NAIC maintains that plaintiff should not be entitled to a windfall. The court agrees, finding no countervailing law or public policy that should allow plaintiff to increase NAIC's obligation in this matter. Accordingly, NAIC is entitled to full credit for benefits paid on this accident by Federated and plaintiff will not be allowed to recover any excess lost wages for those weeks already covered by worker's comp.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Partial Summary Judgment [doc. 102] will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on the 2nd day of September, 2022.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE