UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAROD GUILLORY**                       **CASE NO. 2:19-CV-01679**

**VERSUS**                                           **JUDGE JAMES D. CAIN, JR.**

**COMMONWEALTH INSURANCE CO OF**    **MAGISTRATE JUDGE KAY**
**AMERICA ET AL**

## MEMORANDUM RULING

Before the court is a Motion to Reconsider [doc. 109] filed by plaintiff Sharod Guillory, seeking reversal of this court's ruling on the Motion for Partial Summary Judgment [doc. 102] filed by defendant Nationwide Agribusiness Insurance Company NAIC ("Nationwide"). NAIC opposes the motion. Doc. 111.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 24, 2019, in Sulphur, Louisiana. At that time, according to the petition, plaintiff Sharod Guillory was driving a 2015 International Navistar Vehicle owned by his employer, Reladyne Transportation, when he was struck by a 2016 Dodge Ram driven by Lyle Begay after Begay failed to stop at a red light. Doc. 1, att. 2, ¶ 2. Guillory filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against Begay, his insurer, and NAIC, Reladyne's insurer, on the grounds that the latter provided UM coverage to Reladyne. *Id.* at ¶¶ 3–6.

The matter was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. NAIC moved for partial summary judgment on the issue that it was entitled to a credit for worker's compensation benefits that plaintiff has received for this accident from Reladyne's worker's compensation carrier, Federated Mutual Insurance Company ("Federated"). Doc. 102. Plaintiff failed to file a response within the time set forth by the court and so the motion was regarded as unopposed. The court granted the motion, stating:

> Under Louisiana law, a worker's compensation insurer and UM carrier are solidary obligors when it comes to damages arising from accidents for which both policies provide coverage. *Bellard v. Am. Cent. Ins. Co.*, 980 So.2d 654, 664–65 (La. 2008). Accordingly, NAIC's obligation for any wage or medical benefit under the UM policy is discharged to the extent it was covered by Federated's payments.
> NAIC further argues that it is entitled to full credit on the wage obligation for all weeks covered by Federated, even though Federated only paid 2/3 wages under the terms of its policy. It notes that this position is supported by the policy concerns underlying the worker's compensation scheme, through which the plaintiff surrenders his right to a potentially larger recovery in tort in order to receive a guarantee on "a more modest claim for essentials, payable regardless of fault and with a minimum of delay." *Allen v. State*, 842 So.3d 373, 377 (La. 2003). Because the UM carrier's obligations are co-extensive under the law of solidary obligors, NAIC maintains that plaintiff should not be entitled to a windfall. The court agrees, finding no countervailing law or public policy that should allow plaintiff to increase NAIC's obligation in this matter. Accordingly, NAIC is entitled to full credit for benefits paid on this accident by Federated and plaintiff will not be allowed to recover any excess lost wages for those weeks already covered by worker's comp.

Doc. 107. Plaintiff now moves for reconsideration of that ruling, arguing that he failed to oppose the motion due to a calendaring error and that a closer reading of *Bellard* supports his position that NAIC can only claim a credit up to the amount actually paid rather than a discharge of its entire obligation. Doc. 109. NAIC opposes the motion, asserting that

plaintiff's failure to file a response to the motion for summary judgment should not provide a basis for reconsideration and that the court was correct in its first ruling.

## II.
## LAW & APPLICATION

### A. Motion to Reconsider Standards

Federal Rule of Civil Procedure 54(b) allows the court to reconsider an interlocutory order "for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Saqui v. Pride Cent. Am., LLC*, 595 F.3d 206, 210–11 (5th Cir. 2010). An interlocutory order is one that "adjudicates fewer than all the claims . . . of all the parties," such as the order on the motion to dismiss at issue here. Fed. R. Civ. P. 54(b); *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990); *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir. 1985).

Although the rule grants the court broad discretion to reconsider, "this power is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." *United States v. Cytogel Pharma, LLC*, 2017 WL 3849317 (E.D. La. Mar. 28, 2017) (internal quotations omitted). Courts evaluate motions to reconsider under Rule 54(b) under a "less exacting" standards than those applied to final judgments under Rules 59(e) and 60(b) but still look to the latter rules for guidance. *In re Padco Pressure Control, LLC*, 2017 WL 161647, at *1 (W.D. La. Jan. 13, 2017) (collecting cases). To this end, the court should consider whether there are "manifest errors of law or fact upon which judgment is based[,]" whether "new evidence" is available, whether there is a need "to prevent manifest injustice," or whether there has been "an intervening change

in controlling law." *Id.* (quoting *HBM Interests, LLC v. Chesapeake La., LP*, 2013 WL 3893989 (W.D. La. Jul. 26, 2013)).

### B. Application

Upon consideration of plaintiff's motion, and his underlying arguments against granting partial summary judgment, the court is convinced that review of the prior summary judgment ruling is required in order to prevent manifest injustice. The court's prior decision rests on an underdeveloped area of law from which there is little state court guidance. Plaintiff diligently filed his response within days of learning of his calendaring error, and should not be deprived of the opportunity to argue countervailing law and policy considerations before this court stakes out any new ground with an *Erie* guess. Accordingly, the motion to reconsider will be granted.

As for the merits of the underlying motion, the court held in its prior ruling that NAIC was entitled to credit for all wage-related damages even though the terms of Federated's policy limited it to 2/3 reimbursement. The court reasoned that Federated's discharge of the obligation was effective as to both obligors, since they were solidary, and that to hold NAIC liable for the rest would amount to a windfall for plaintiff despite the fact that he had bargained away the right to receive greater wage compensation under Louisiana's worker's comp scheme. Doc. 107.

As plaintiff points out, however, the Louisiana Supreme Court stopped short of any such conclusion in *Bellard*. Instead, it allowed that "[b]ecause . . . payment by one solidary obligor exonerates the other **to the extent of that payment** to the creditor, payment on the solidary obligation by one debtor should be imputed to the debt owed by the other solidary

obligor." 980 So.2d at 667. Moreover, while worker's comp represents the worker's acceptance of "a more modest claim" in return for the guarantee of payment, the object of UM coverage is still "to promote full recovery for damages by innocent automobile accident victims . . . ." *Hoefly v. GEICO*, 418 So.2d 575, 578 (La. 1982). The court is still concerned about potential windfalls. However, there is insufficient guidance from any Louisiana court to support the *Erie* guess the undersigned must make in order to hold that Federated's partial payment extinguishes NAIC's entire obligation for any wage loss beyond the bounds of the former's policy limits. Accordingly, the Motion for Partial Summary Judgment must be **DENIED**.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Reconsider [doc. 109] will be **GRANTED**, the court's prior ruling [docs. 107, 108] on the Motion for Partial Summary Judgment **VACATED**, and the Motion for Partial Summary Judgment [doc. 102] will instead be **DENIED**.

**THUS DONE AND SIGNED** in Chambers on the 14th day of September, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**