UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**SHAROD GUILLORY**  :  **CASE NO. 2:19-CV-01679**

**VERSUS**  :  **JUDGE JAMES D. CAIN, JR.**

**COMMONWEALTH INSURANCE CO OF AMERICA ET AL**  :  **MAGISTRATE JUDGE KAY**

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 112] filed by defendant Commonwealth Casualty Company ("Commonwealth") and seeking dismissal of all claims brought against it by plaintiff Sharod Guillory. Codefendant Nationwide Agribusiness Insurance NAIC, the UM insurer for plaintiff's vehicle, opposes the motion. Doc. 125.

### I.
#### BACKGROUND

This suit arises from a motor vehicle accident that occurred on February 24, 2019, in Sulphur, Louisiana. At that time, according to the petition, plaintiff Sharod Guillory was driving a 2015 International Navistar Vehicle owned by his employer, Reladyne Transportation, when he was struck by a 2016 Dodge Ram driven by Lyle Begay after Begay failed to stop at a red light. Doc. 1, att. 2, ¶ 2. Guillory filed suit in the 14th Judicial District Court, Calcasieu Parish, Louisiana, against Begay; Reladyne's UM insurer,

Nationwide Agribusiness Insurance NAIC ("NAIC"); and Commonwealth as insurer for the vehicle driven by Begay. *Id.* at ¶¶ 3–6.

The matter was removed to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Commonwealth now moves for summary judgment, asserting that it did not insure Begay or his vehicle at the time of the accident. Doc. 112. Codefendant NAIC opposes the motion, arguing that it is based on improper summary judgment evidence relating to the identity of unserved defendant Lyle Begay. Doc. 125.

## II.
### SUMMARY JUDGMENT STANDARD

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). He may meet his burden by pointing out "the absence of evidence supporting the nonmoving party's case." *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003). The non-moving party is then required to go beyond the pleadings and show that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To this end he must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III.
### LAW & APPLICATION

Defendant Lyle Begay has not been served or made an appearance in this suit. The accident report, however, reflects that he was born on September 27, 1983, and operating a 2016 Dodge Ram with VIN 1C6RR7GT8GS245897 while using an Arizona-issued driver's license bearing number D01980911. Doc. 112, att. 3. Commonwealth issued Policy No. AZZ180010718 to Elvira Sandival of Rock Point, Arizona, on March 22, 2018, covering this vehicle. Doc. 112, att. 4, p. 4. The policy was cancelled one month later, however, for non-payment of premium. *Id.* at ¶ 4, p. 30. The policy was never reinstated and was not in force or effect on February 24, 2019. *Id.* at ¶ 5. Commonwealth had no other policy of insurance in force or effect covering the subject 2016 Dodge Ram or Lyle Begay, DOB 9/27/1983, on February 24, 2019. *Id.* at ¶ 7. It did have in effect Policy No. AZZ184010809, issued on January 30, 2019, and covering "Lyle Richard Begay" of Chinle, Arizona. *Id.* at 32–33. This Lyle Begay, however, was born on 8/16/1993 and the policy issued to him covered a 2016 Ford Focus. *Id.* at 32–33, 58. Commonwealth has

submitted documents from the Arizona Department of Transportation verifying the license information for both Lyle Begays and confirming their separate identities. *See id.* at 58–60 (Lyle Richard Begay, DOB 8/16/1993, DL # D06136976); *id.* at 61–65 (Lyle Begay, DOB 9/27/1983, DL # D01980911).

NAIC argues that the evidence from the accident report relating to defendant Begay's identity is inadmissible hearsay and incompetent summary judgment evidence. It also asserts that the records from the Arizona Department of Transportation should be disregarded because they are not properly certified in accordance with Federal Rule of Evidence 1005.

Since the 2010 amendments to Federal Rule of Civil Procedure 56, materials cited at the summary judgment stage to support or dispute a fact "need only be *capable* of being 'presented in a form that would be admissible in evidence.'" *LSR Consulting, LLC v. Wells Fargo Bank, N.A.*, 835 F.3d 530, 534 (5th Cir. 2016) (quoting Fed. R. Civ. P. 56(c)(2)). Accordingly, "evidence need not be authenticated or otherwise presented in an admissible form" to support or defeat a motion for summary judgment. *Maurer v. Independence Town*, 870 F.3d 380, 384 (5th Cir. 2017). As Commonwealth points out, state motor vehicle/driving records are reports generally relied upon by persons involved in insurance underwriting and may qualify under the hearsay exception set forth under Federal Rule of Evidence 803(17). Likewise, the fact that they are not presently authenticated as public records under Federal Rule of Evidence 803(8) does not mean that they will not be in time for trial. The records contain sufficient indicia of their reliability, in the form of a supporting affidavit from Commonwealth director of underwriting Roy de la Cruz. NAIC

has admitted that they are admissible pursuant to Arizona law and does not point out any other barrier to their authentication at trial. Accordingly, they will be considered for the purposes of this motion.

      Additionally, as courts in this circuit have acknowledged, accident reports are classic hearsay but portions thereof may be admitted through the public records exception set under Federal Rule of Evidence 803(8). *Williams v. Gaitsch*, 2011 WL 13286179 (W.D. La. May 26, 2011). Such reports are presumed to be trustworthy and admissible, thus placing the burden on the party opposing admission to demonstrate a lack of trustworthiness. *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir. 1991). While the portions containing an officer's opinions or conclusions, or his recording of witness statements, generally fall outside the exception, courts have routinely admitted those portions containing the officer's firsthand observations and factual findings. *E.g.*, *Reliastar Life Ins. Co. v. Thompson*, 2008 WL 4327259, at *4 (S.D. Tex. Sep. 16, 2008) (collecting cases); *see also Williams v. Fentanes*, 2019 WL 1509216, at *2 (W.D. La. Mar. 18, 2019) ("The portions of Maynard's accident report relating to the identity of the vehicles and the parties, as well as the fact of a rear-end collision resulting in minor damage to both vehicles, are therefore admissible under Rule 803(8)(C).")

      Here the only relevant portions of the report relate to Begay's identity, as presumably established through his driver's license and the officer's firsthand observation thereof, as well as his vehicle. Doc. 112, att. 3, p. 2. The findings were made by Officer Alexander Wiltz, who arrived at the scene five minutes after notification of the accident. *Id.* at 1. NAIC puts forth nothing to challenge the trustworthiness of the report or the

officer's findings. The portions of the report establishing the identity of the drivers and vehicles involved are therefore admissible for the purposes of this motion. The above evidence establishes that Commonwealth did not have in effect a policy covering the defendant driver in this suit. Accordingly, it owes no coverage for plaintiff's injuries.

## IV.
### CONCLUSION

For the reasons stated above, the Motion for Summary Judgment [doc. 112] will be **GRANTED** and all claims against Commonwealth Casualty Company will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 7th day of October, 2022.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**